**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

MOHAMED KOUYATE,

Petitioner,

v. No. 1:26-cv-01049-MLG-GJF

GEORGE DEDOS, Warden, Cibola
County Correctional Center, et al.,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**
**AND DIRECTING RESPONDENTS TO IMMEDIATELY RELEASE PETITIONER**

This matter is before the Court on Mohamed Kouyate's Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus, Doc. 2 ("Petition"). Kouyate challenges his continued immigration detention without an individualized custody determination and seeks immediate release. *Id.* at 5, 10; Doc. 2-1 at 15-17, 21-22, 25; *see also* Doc. 2-1 at 24-25 (requesting related declarative and injunctive relief).[1] Federal Respondents[2] do not contest that Kouyate was released on his own

[1] Kouyate also argues his detention is unlawful on two other grounds: (1) his removal is not reasonably foreseeable as required by *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); and (2) the Immigration Judge's removal hearing was procedurally and constitutionally defective. Doc. 2 at 4, 6-7; Doc. 2-1 at 13-15, 23-24. First, *Zadvydas*'s "reasonable foreseeability" standard is not applicable to Kouyate's pre–final removal order detention. *See* 533 U.S. at 682 (clarifying that the question presented—whether there is a "reasonable time" limitation on detention of a removable noncitizen—is being decided in the context of the 8 U.S.C. § 1231(a)(6) post-removal-period statute); *see also id.* at 697 ("[P]ost-removal-period detention, unlike detention pending a determination of removability or during the subsequent 90–day removal period, has no obvious termination point."); *Jennings v. Rodriguez*, 583 U.S. 281, 298-300. Second, since the Court reaches the conclusion that Kouyate's mandatory detention has been unlawful under the Immigration & Nationality Act ("INA") and Fifth Amendment due process principles, the Court need not opine on the constitutionality of Kouyate's removal hearing as a basis for the requested relief. *Cf. Immigr. & Naturalization Serv. v. Bagamasbad*, 429 U.S. 24, 25-26 (1976) (per curiam) ("As a general rule[,] courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

[2] The Court uses "Federal Respondents" to refer to all Respondents in this matter other than the Warden of Cibola County Correctional Center.

recognizance[3] after he entered the United States in January 2023 and was arrested when he voluntarily appeared for a routine appointment with immigration authorities. *Compare* Doc. 1-2 at 9, *with* Doc. 8 at 2.

Accordingly, because there is no indication that Kouyate (1) is being held pursuant to 8 U.S.C. § 1226(c), or (2) has an administratively final order of removal, the Court concludes § 1226(a) governs his detention. *See Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1237 (10th Cir. 2026) (holding that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)"). Kouyate's detention without an individualized bond hearing therefore constitutes an ongoing violation of his right to due process under the Fifth Amendment to the U.S. Constitution. *See Cortez-Gonzalez v. Noem*, 811 F. Supp. 3d 1287, 1298 (D.N.M. Dec. 2025); *see also Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination. . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights.").

In habeas corpus proceedings, "a federal court 'possesses power to grant *any form of relief necessary* to satisfy the requirement of justice.'" *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (quoting *Levy v. Dillon*, 415 F.2d 1263, 1265 (10th Cir. 1969)). Immediate release is the appropriate remedy for the due process violation in this case. *See Munaf v. Geren*, 553 U.S. 674, 693 (2008) ("The typical remedy for [unlawful executive] detention is, of course, release.");

[3] Release on recognizance is a form of conditional parole authorized by § 1226(a). *See Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that the federal government "use[s] the phrase 'release on recognizance' as another name for 'conditional parole' under § 1226(a)"); *Gomes v. Hyde*, 804 F. Supp. 3d 265, 269 (D. Mass. 2025) ("[T]he government may release a noncitizen detained under Section 1226(a) on an Order of Recognizance, which is a form of conditional parole").

*Diallo*, 2026 WL 608746, at *4-5 (ordering immediate release of a petitioner who had been released on his own recognizance and was then re-detained without first receiving a pre-deprivation hearing); *Sosa v. De Anda-Ybarra*, No. 1:26-cv-01167-SMD-GJF, 2026 WL 1453999, at *3 (D.N.M. May 22, 2026) (ordering a petitioner's immediate release rather than a bond hearing); *cf. Cruz-Reyes v. Bondi*, 818 F. Supp. 3d 875, 887 (S.D. Tex. 2026) ("Ordering a bond hearing under § 1226(a), after [the petitioner] has been taken into custody [and erroneously detained under a mandatory detention provision], cannot make up for the lack of an initial, individualized determination process by ICE.").

It is hereby ordered:

1. Respondents must immediately release (no later than four-eight hours from this Order's filing) Kouyate from custody.
2. Upon Kouyate's release, Respondents must return all of his property, including any identification documentation that was in his possession when he was detained.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA